# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| WADE WEST, | : | |
|             Petitioner | : | |
| VS. | : | NO. 5:10-cv-382 (CAR) |
| DOOLY COUNTY SUPERIOR COURT, *et al.*, | : | |
|             Respondents | : | **O R D E R** |

Petitioner **WADE WEST**, a prisoner at the Bleckley Probation Detention Center ("BPDC") in Cochran, Georgia, has filed a writ of habeas corpus petition on 28 U.S.C. § 2254 forms. He also seeks leave to proceed without prepayment of the $5.00 filing fee. As it appears that petitioner is unable to pay the cost of commencing this action, petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**.

Following a conviction in 2007, petitioner was sentenced to 5 years probation. Petitioner was arrested on another charge on May 24, 2010, and his probation was revoked on August 5, 2010. At that time, the presiding judge apparently sentenced petitioner to 180 days confinement in the BPDC, without credit for time petitioner previously served. In the instant petition, which was filed on October 15, 2010, petitioner appears to challenge both his August 5, 2010, sentence, and the judge's refusal to give petitioner credit for time served.

It is well-settled that exhaustion of state court remedies is required before a habeas corpus petitioner can proceed in federal court. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92, (1973) (exhaustion is necessary under section 2241 as well as section 2254); ***Thomas v. Crosby***, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court

remedies."). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

If, as appears to be the case, petitioner is challenging the sentence imposed by the trial judge, he must either appeal the sentence with the Georgia Court of Appeals or file a state habeas corpus action. Moreover, exhaustion requires that the petitioner "invok[e] one complete round of the State's established appellate review process." ***O'Sullivan v. Boerckel***, 526 U.S. 838, 845 (1999).

If, on the other hand, petitioner is challenging the computation of his sentence, as opposed to its imposition by the presiding judge, exhaustion requires that he seek relief from the Georgia Department of Corrections ("GDOC") and then pursue a state court mandamus action against the GDOC Commissioner. *See **Ellison v. Seabolt***, 2009 WL 3254881 (S.D. Ga. Oct. 9, 2009) (citing ***Anderson v. State***, 290 Ga. App. 890, 660 S.E.2d 876, 891 (Ga. Ct. App. Apr.9, 2008)).

It does not appear that petitioner has yet exhausted his state court remedies. Although petitioner filed a "Motion for Arrest of Judgment" in the Superior Court of Dooly County on July 15, 2010, said filing does not satisfy the above exhaustion requirements.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[1] Petitioner may refile his federal habeas petition once he has exhausted his state court remedies.

---

[1] Pursuant to Rule 4 of the rules governing federal habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under Rule 4, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition.

**SO ORDERED**, this 20th day of October, 2010.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

cr